J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
Charles@coopercoons.com
THOMAS MISKEY, ESQ.
NEVADA BAR No. 13540
Thomas@coopercoons.com
COOPER COONS, LTD.
10655 Park Run Drive, Suite 130
Las Vegas, Nevada 89144
(702) 998-1500
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JAMES MALINCHAK INTERNATIONAL, INC., a domestic corporation;<br><br>        Plaintiff,<br><br>v.<br><br>SUZANNE EVANS COACHING, LLC., a South Carolina limited liability corporation; SUZANNE EVANS, an individual,<br><br>        Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

JAMES MALINCHAK INTERNATIONAL, INC. by and through his attorneys of record, the law firm Cooper Coons, Ltd. ("COOPER COONS"), hereby demands damages and requests injunctive relief against the above-named defendants, upon information and belief, as follows:

## NATURE OF ACTION

1.     This is an action for mark infringement under Section 32 of the Lanham Trademark Act of 1946 ("Lanham Act") (15 U.S.C. §1114), false designation of origin under Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)), trademark dilution under Section 43(c) of the Lanham Act (15 U.S.C. §1125(c)), and misappropriation of licensable commercial properties under Nevada common law.  As a result of the unlawful actions set forth herein, JAMES MALINCHAK seeks injunctive relief and the recovery of actual damages, treble damages,

1

special damages, costs of suit, attorneys' fees, and such other relief as the Court may deem appropriate.

## PARTIES

1.      JAMES MALINCHAK INTERNATIONAL, INC. is, and has been at all times relevant to this lawsuit, a Nevada corporation.

2.      SUZANNE EVANS COACHING, LLC is, and has been at all times relevant to this lawsuit, a South Carolina limited liability company with its principle place of business in South Carolina.

3.      SUZANNE EVANS is, and has been at all times relevant to this lawsuit, a New Jersey resident.

## JURISDICTION

4.      This Court has original jurisdiction over the First, Second, and Third Causes of Action pursuant to §39 of the Lanham Act (15 U.S.C. §1121) because the First, Second, and Third Causes of Action arise under the Lanham Act.

5.      This Court has supplemental jurisdiction over the Fourth Cause of Action pursuant to 28 U.S.C. §1367 because the Fourth Cause of Action is so related to the First, Second, and Third Causes of Action that the Fourth Cause of Action forms part of the same case or controversy under Article III of the United States Constitution.

6.      This Court has original jurisdiction over this entire action pursuant to 28 U.S.C. §1332 because this is a civil action between parties with complete diversity of citizenship and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

7.      Defendants SUZANNE EVANS COACHING, LLC and SUZANNE EVANS, (collectively as "Defendants"), have subjected themselves to personal jurisdiction in Nevada by publishing or effectuating the publication of materials to be consumed in the national marketplace, including the Nevada area.

8.      JAMES MALINCHAK INTERNATIONAL, INC. is the owner of the trademark "BIG MONEY SPEAKER" United States Patent and Trademark Office Registration Number 3899731 (the "Mark" or the "Trademark").

9.      At all times relevant to this lawsuit, the Mark has depicted and depicts the original source as JAMES MALINCHAK INTERNATIONAL, INC.

**VENUE**

10.      This action is appropriately venued in the District of Nevada, pursuant to 28 U.S.C. § 1391(b) and (c), because Defendants are subject to personal jurisdiction in the District of Nevada with a substantial part of the events giving rise to the claims for relief are situated in Nevada.

**FACTS**

11.      JAMES MALINCHAK INTERNATIONAL, INC. first used "Big Money Speaker" (the "Mark"), in conjunction with professional speaking and training seminars and/or conferences in 2007.

12.      The Mark has been in continuous use since 2007 in connection with professional speaking and training seminars and/or conferences.

13.      By virtue of JAMES MALINCHAK INTERNATIONAL, INC's long-standing, extensively advertised use of the Mark, the Mark has gained secondary meaning primarily denoting JAMES MALINCHAK INTERNATIONAL, INC as the Mark's source of origin.

14.      JAMES MALINCHAK filed a United States Patent and Trademark Office ('USPTO") trademark registration application for the Mark on May 4, 2010. The mark was then assigned to JAMES MALINCHAK INTERNATIONAL, INC on January 5, 2016.

15.      The Mark is the subject of registration number 3035211 upon the Principal Register of Trademarks in connection with the promotion of the sale of goods and services of educational publications in the field of professional speaking and entrepreneurship (the "Class 16 Registration").

16.      The United States Patent and Trademark Office (the "USPTO") issued the Class 16 Registration on January 4, 2011.

17.      The Mark has been in continuous use with respect to the scope of goods and services identified in the Class 16 Registration since January 1, 2007 and earlier.

18.      The Mark is the subject of registration number 3035211 upon the Principal

3

Register of Trademarks in connection with entertainment services, namely providing workshops, boot camp training sessions, conferences and seminars in the fields of professional speaking and entrepreneurial advancement (the "Class 41 Registration").

19.    The USPTO issued the Class 41 Registration on January 4, 2011.

20.    The Mark has been in continuous use with respect to the scope of goods and services identified in the Class 41 Registration since January 1, 2007 and earlier.

21.    JAMES MALINCHAK INTERNATIONAL, INC's exclusive right to use the Mark with respect to the scopes of goods and services identified in the Class 16 Registration and the Class 41 Registration.

22.    JAMES MALINCHAK INTERNATIONAL, INC consistently displays and has consistently displayed the Mark in conjunction with the symbol ® to provide notice of the Mark's registered status.

23.    On or about 2015, the Defendants caused to be published a series of videos using the Mark at <http://buildyourspeakingbizbootcamp.com/>.

24.    On or about 2015, the Defendants caused to be published a series of web pages, the Mark at <http://buildyourspeakingbizbootcamp.com/>.

25.    On or about 2015, the Defendants began advertising their seminar, Build Your Speaking Biz Bootcamp using the Mark.

26.    On or about 2015, the Defendants began selling tickets to their seminar, Build Your Speaking Biz Bootcamp using the Mark.

**FIRST CAUSE OF ACTION**

**MARK INFRINGEMENT UNDER THE LANHAM ACT, 15 U.S.C. §1114(1)(a)**

27.    JAMES MALINCHAK INTERNATIONAL, INC repeats and realleges the allegations set forth in Paragraphs 1 through 26 above.

28.    The Defendants are using and/or have used the Mark in commerce in connection with the sale, offering for sale, distribution, and advertising of goods.

29.    These infringing publication is identical or nearly identical to the goods and services offered by JAMES MALINCHAK INTERNATIONAL, INC in connection with the

Mark.

30.     The Defendants have willfully engaged in the infringing use with knowledge that the infringing use constitutes an infringement of the Mark.

31.     The infringing use has damaged and will continue to damage the reputation and goodwill of JAMES MALINCHAK INTERNATIONAL, INC established in connection with the Mark, in violation of §32 of the Lanham Act (15 U.S.C. §1114).

32.     JAMES MALINCHAK INTERNATIONAL, INC has sustained actual damages as a direct and proximate result of the infringing use, including but not limited to, lost potential sales, and the Defendants are liable to JAMES MALINCHAK INTERNATIONAL, INC for the amount of those actual damages pursuant to §35 of the Lanham Act (15 U.S.C. §1117).

33.     The Defendants have profited as a direct and proximate result of the infringing use, and the Defendants are liable to JAMES MALINCHAK INTERNATIONAL, INC for the amount of those profits pursuant to §35 of the Lanham Act (15 U.S.C. §1117).

34.     The Defendants willfully engaged in the infringing use and is thus liable to JAMES MALINCHAK INTERNATIONAL, INC for three times JAMES MALINCHAK INTERNATIONAL, INC actual damages or the Defendants' profits resulting from the infringing use, whichever is greater, plus prejudgment interest on such amount; or, in the alternative, to statutory damages not exceeding $2,000,000, pursuant to §35 of the Lanham Act (15 U.S.C. §1117) as amended by the Prioritizing Resources and Organization for Intellectual Property Act of 2008.

35.     JAMES MALINCHAK INTERNATIONAL, INC is entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Mark, pursuant to §34 of the Lanham Act (15 U.S.C. §1116).

36.     JAMES MALINCHAK INTERNATIONAL, INC has been required to retain an attorney to prosecute this action, and the Defendants are liable to JAMES MALINCHAK INTERNATIONAL, INC for his attorney fees incurred in connection with the prosecution of this action, pursuant to §35 of the Lanham Act (15 U.S.C. §1117).

///

37.    JAMES MALINCHAK INTERNATIONAL, INC has incurred costs of suit in connection with bringing this action, and the Defendants are liable to JAMES MALINCHAK for those costs of suit pursuant to §35 of the Lanham Act (15 U.S.C. §1117).

### SECOND CAUSE OF ACTION

### FALSE DESIGNATION OF ORIGIN UNDER THE LANHAM ACT, 15 U.S.C. §1125(a)

38.    JAMES MALINCHAK INTERNATIONAL, INC repeats and realleges the allegations set forth in Paragraphs 1 through 37 above.

39.    The infringing use constitutes a false designation of origin and a false description and representation of the Defendants' business and goods, which have damaged and will continue to damage the reputation and goodwill of JAMES MALINCHAK INTERNATIONAL, INC established in connection with the Mark, in violation of §43(a) of the Lanham Act (15 U.S.C. §1125(a)).

40.    JAMES MALINCHAK INTERNATIONAL, INC has sustained actual damages as a direct and proximate result of the infringing use, and the Defendants are liable to JAMES MALINCHAK for the amount of those actual damages pursuant to §35 of the Lanham Act (15 U.S.C. §1117).

41.    The Defendants have profited as a direct and proximate result of the Infringing use, and the Defendants are liable to JAMES MALINCHAK INTERNATIONAL, INC for the amount of those profits pursuant to §35 of the Lanham Act (15 U.S.C. §1117).

42.    The Defendants willfully engaged in the Infringing use and is thus liable to JAMES MALINCHAK INTERNATIONAL, INC for three times JAMES MALINCHAK INTERNATIONAL, INC's actual damages or the Defendants' profits resulting from the infringing use, whichever is greater, plus prejudgment interest on such amount; or, in the alternative, to statutory damages not exceeding $2,000,000, pursuant to §35 of the Lanham Act (15 U.S.C. §1117) as amended by the Prioritizing Resources and Organization for Intellectual Property Act of 2008.

///

6

43.    JAMES MALINCHAK INTERNATIONAL, INC is entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Mark, pursuant to §34 of the Lanham Act (15 U.S.C. §1116).

44.    JAMES MALINCHAK INTERNATIONAL, INC has been required to retain an attorney to prosecute this action, and the Defendants are liable to JAMES MALINCHAK INTERNATIONAL, INC for his attorney fees incurred in connection with the prosecution of this action, pursuant to §35 of the Lanham Act (15 U.S.C. §1117).

45.    JAMES MALINCHAK INTERNATIONAL, INC has incurred costs of suit in connection with bringing this action, and the Defendants are liable to JAMES MALINCHAK INTERNATIONAL, INC for those costs of suit pursuant to §35 of the Lanham Act (15 U.S.C. §1117).

### THIRD CAUSE OF ACTION

### MARK DILUTION UNDER THE LANHAM ACT, 15 U.S.C. §1125(c)

46.    JAMES MALINCHAK INTERNATIONAL, INC repeats and realleges the allegations set forth in Paragraphs 1 through 45 above.

47.    The Mark became famous by the end of 2007, the year of JAMES MALINCHAK INTERNATIONAL, INC's first use of the Mark.

48.    The Defendants began use of the Mark in connection with educational speaking and training seminars and/or conferences on or about 2015.

49.    The Defendants are presently engaged in unauthorized use of the Mark with respect to educational speaking and training seminars and/or conferences in connection with the infringing publication.

50.    The Defendants used and threatened continued use of a mark which is identical or nearly identical to the Mark causes dilution of the distinctive quality of the Mark, which has damaged and will continue to damage the reputation and goodwill of JAMES MALINCHAK INTERNATIONAL, INC established in connection with the Mark, in violation of §43(c) of the Lanham Act (15 U.S.C. §1125(c)).

///

51.    JAMES MALINCHAK INTERNATIONAL, INC has sustained actual damages as a direct and proximate result of the Infringing use, and the Defendants are liable to JAMES MALINCHAK for the amount of those actual damages pursuant to §35 of the Lanham Act (15 U.S.C. §1117).

52.    The Defendants have profited as a direct and proximate result of the infringing use, and the Defendants are liable to JAMES MALINCHAK INTERNATIONAL, INC for the amount of those profits pursuant to §35 of the Lanham Act (15 U.S.C. §1117).

53.    The Defendants willfully engaged in the infringing use and is thus liable to JAMES MALINCHAK INTERNATIONAL, INC for three times JAMES MALINCHAK INTERNATIONAL, INC's actual damages or the Defendants' profits resulting from the infringing use, whichever is greater, plus prejudgment interest on such amount, pursuant to §35 of the Lanham Act (15 U.S.C. §1117).

54.    JAMES MALINCHAK INTERNATIONAL, INC is entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Mark, pursuant to §34 of the Lanham Act (15 U.S.C. §1116).

55.    JAMES MALINCHAK INTERNATIONAL, INC has been required to retain an attorney to prosecute this action, and the Defendants are liable to JAMES MALINCHAK INTERNATIONAL, INC for his attorney fees incurred in connection with the prosecution of this action, pursuant to §35 of the Lanham Act (15 U.S.C. §1117).

56.    JAMES MALINCHAK INTERNATIONAL, INC has incurred costs of suit in connection with bringing this action, and the Defendants are liable JAMES MALINCHAK INTERNATIONAL, INC for those costs of suit pursuant to §35 of the Lanham Act (15 U.S.C. §1117).

## FOURTH CAUSE OF ACTION

## MISAPPROPRIATION OF LICENSABLE COMMERCIAL PROPERTY UNDER NEVADA COMMON LAW

57.    JAMES MALINCHAK INTERNATIONAL, INC repeats and realleges the allegations set forth in Paragraphs 1 through 56 above.

8

58. JAMES MALINCHAK INTERNATIONAL, INC has invested significant time, effort, and money in creating, publicizing, and protecting the Mark and developing the valuable goodwill arising from and associated with the Mark (the "Commercial Property").

59. JAMES MALINCHAK INTERNATIONAL, INC has licensed and continues to license the Commercial Property to individuals and entities recognized in educational speaking and training seminars and/or conferences.

60. The Defendants have misappropriated the Commercial Property by publishing or effectuating the publication of a competing materials, with respect to which the Defendants intend to license or have licensed the right to individuals and/or entities designated therein to advertise such designation, for the Defendants' enrichment, without appropriately compensating JAMES MALINCHAK INTERNATIONAL, INC.

61. JAMES MALINCHAK INTERNATIONAL, INC has sustained and will continue to sustain damages as a direct and proximate result of the Defendants' misappropriation of JAMES MALINCHAK INTERNATIONAL, INC licensable Commercial Property, and the Defendants are liable to JAMES MALINCHAK INTERNATIONAL, INC for the amount of those present and future damages.

62. JAMES MALINCHAK INTERNATIONAL, INC is entitled to preliminary and permanent injunctive relief against further misappropriation by the Defendants of JAMES MALINCHAK INTERNATIONAL, INC's Commercial Property.

63. JAMES MALINCHAK INTERNATIONAL, INC has been required to retain an attorney to prosecute this action, and the Defendants are liable to JAMES MALINCHAK INTERNATIONAL, INC for his attorney fees incurred in connection with the prosecution of this action.

64. JAMES MALINCHAK INTERNATIONAL, INC has incurred costs of suit in connection with bringing this action, and the Defendants are liable to JAMES MALINCHAK INTERNATIONAL, INC for those costs of suit.

///

///

**PRAYER FOR RELIEF**

JAMES MALINCHAK INTERNATIONAL, INC requests that this Court grant JAMES MALINCHAK INTERNATIONAL, INC's claims for relief herein as follows:

1. Declare, adjudge, and decree that the Defendants' use of the Mark constitutes registered trademark infringement, false designation of origin, trademark dilution, and misappropriation of licensable commercial property;

2. Preliminary and permanently enjoin and restrain the Defendants, the Defendants' servants, employees, attorneys, agents, representatives, and distributors, and all other persons acting in concert or participation with the Defendants, from:

    a. Misrepresenting in any way the source of origin or the nature or quality of the Defendants' goods or services; and

    b. Advertising and/or otherwise marketing or disposing of the Defendants services under the Mark and/or any similar variation thereof; and

    c. Engaging in any further conduct that infringes the Mark;

3. Order the Defendants to destroy and dispose of all of the Defendants' materials bearing in any manner the Mark and/or any similar variation thereof, including, without limitation, books, periodicals, advertising materials, promotional materials, drawings, brochures, catalogs, stationery, business forms, business cards, labels, signs, and stickers; and file with this Court and serve upon JAMES MALINCHAK INTERNATIONAL, INC, within 30 days after being served with this Court's injunction(s) and/or order(s) granting such relief, a written report signed by the Defendants under oath, setting forth in detail the manner in which the Defendants complied with the Court's injunction(s) and/or order(s);

4. Award JAMES MALINCHAK INTERNATIONAL, INC compensatory damages in an amount exceeding $75,000, as provided by law with respect to JAMES MALINCHAK INTERNATIONAL, INC's claims under 15 U.S.C. §§1114, 1125(a), and 1125(c);

5. Award JAMES MALINCHAK INTERNATIONAL, INC treble damages as provided

10

by law;

6. Award JAMES MALINCHAK INTERNATIONAL, INC special damages as provided by law;

7. Order the Defendants to make an accounting of all business done and profits The Defendants have made as a result of the Defendants' wrongful use of the Mark, and require the Defendants to disgorge any such profits;

8. Award JAMES MALINCHAK INTERNATIONAL, INC its costs, disbursements, and attorneys' fees incurred in bringing this action;

9. Award JAMES MALINCHAK INTERNATIONAL, INC pre- and post-judgment interest in accordance with applicable law; and

10. Grant JAMES MALINCHAK INTERNATIONAL, INC such other relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

JAMES MALINCHAK INTERNATIONAL, INC requests a trial by jury pursuant to Fed.R.Civ.P. 38.

Dated this 15th day of January, 2016.

COOPER COONS, LTD.
*Attorneys at Law*

By:_____
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
THOMAS MISKEY, ESQ.
Nevada Bar No. 13540
10655 Park Run Drive, Suite 130
Las Vegas, Nevada 89144
V: (702) 998-1500
F: (702) 998-1503
*Attorneys for Plaintiff*

11