UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMES MALINCHAK INTERNATIONAL, INC., <br><br> Plaintiff(s), <br><br> v. <br><br> SUZANNE EVANS COACHING, LLC, and SUZANNE EVANS, <br><br> Defendant(s). | Case No. 2:16-CV-89 JCM (CWH) <br><br> ORDER |

Presently before the court is defendants Suzanne Evans Coaching, LLC's (the "LLC") and Suzanne Evans's ("Evans" and collectively, as "defendants") motion to dismiss for lack of jurisdiction. (ECF No. 7). Plaintiff James Malinchak International, Inc. filed a response (ECF No. 9), to which defendants replied (ECF No. 10).

**I.      Facts**

This is a trademark infringement action involving the trademark "Big Money Speaker" (the "trademark"), United States Patent and Trademark Office ("USPTO") registration number 3899731. (ECF No. 1).

Plaintiff claims to be the owner of the trademark and alleges that defendants infringed on its registered trademark through their website. (ECF No. 1). Plaintiff further alleges that defendants' website provides direct links to purchase tickets for speaking engagements in Las Vegas, Nevada. (ECF No. 1). Moreover, plaintiff asserts that defendants used the trademark in published videos, web pages, and seminars. (ECF No. 1).

Plaintiff's complaint alleges four causes of action: (1) mark infringement under the Lanham Act, 15 U.S.C. § 1114(1)(a); (2) false designation of origin under the Lanham Act, 15

**James C. Mahan**
**U.S. District Judge**

U.S.C. § 1125(a); (3) mark dilution under the Lanham Act, 15 U.S.C. § 1125(c); and (4) misappropriation of licensable commercial property under Nevada law. (ECF No. 1).

In the instant motion, defendants move to dismiss for lack of jurisdiction and improper venue. (ECF No. 7). The court will address each in turn.

## II.     Legal Standards

### A.  Lack of Personal Jurisdiction

Federal Rule of Civil Procedure 12(b)(2) allows a defendant to move to dismiss for lack of personal jurisdiction. To avoid dismissal under Rule 12(b)(2), a plaintiff bears the burden of demonstrating that its allegations would establish a prima facie case for personal jurisdiction. *See Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). Allegations in plaintiff's complaint must be taken as true and factual disputes should be construed in the plaintiff's favor. *Rio Props, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).

When no federal statute governs personal jurisdiction, the district court applies the law of the forum state. *Boschetto*, 539 F.3d at 1015; *see also Panavision Int'l L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). Where a state has a "long-arm" statute providing its courts jurisdiction to the fullest extent permitted by the due process clause, as Nevada does, a court need only address federal due process standards. *See Arbella Mut. Ins. Co. v. Eighth Judicial Dist. Court*, 134 P.3d 710, 712 (Nev. 2006) (citing Nev. Rev. Stat. § 14.065); *see also Boschetto*, 539 F.3d at 1015.

An assertion of personal jurisdiction must comport with due process. *See Wash. Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 672 (9th Cir. 2012). To satisfy due process, a court may exercise personal jurisdiction over a defendant only where the defendant has certain minimum contacts with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Two categories of personal jurisdiction exist: (1) general jurisdiction; and (2) specific jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413–15 (1984); *see also LSI Indus., Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000).

. . .

**James C. Mahan**
**U.S. District Judge**

**B. Improper Venue**

Under Federal Rule of Civil Procedure 12(b)(3), a defendant may rely on improper venue as a valid defense to a plaintiff's claim. To withstand dismissal under Rule 12(b)(3), plaintiff bears the burden to establish that venue is properly in this district. *Nat'l Fitness Co. v. Procore Labs., LLC*, 2:10-cv-2168-JCM (RJJ), 2011 WL 2463296, at *1 (D. Nev. June 20, 2011) (citing *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979)). In a civil action, venue is proper in the following districts:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Further, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Similarly, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Nonetheless, the district court has discretion in determining whether to dismiss or transfer an action. *King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992).

**III. Discussion**

Plaintiff asserts that jurisdiction and venue are proper because defendants infringed on its trademark through their website, which provides direct links to purchase tickets to speaking engagements in Las Vegas, Nevada. (ECF No. 9 at 2).

**A. Personal Jurisdiction**

Defendants assert that no general jurisdiction exists, arguing plaintiff failed to allege any facts that demonstrate continuous and systematic contact with the forum state, here Nevada. (ECF No. 7 at 6). In response, plaintiff claims that it lacks an adequate basis to respond to defendants'

James C. Mahan
U.S. District Judge

- 3 -

assertion, reiterating that regardless, defendants are subject to specific jurisdiction in Nevada. (ECF No. 9 at 10).

General jurisdiction arises where the defendant has continuous and systematic ties with the forum, even if those ties are unrelated to the litigation. *See Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1171 (9th Cir. 2006) (citing *Helicopteros Nacionales de Columbia, S.A.*, 466 U.S. at 414–16). "[T]he plaintiff must demonstrate the defendant has sufficient contacts to constitute the kind of continuous and systematic general business contacts that approximate physical presence." *In re W. States Wholesale Nat. Gas Litig.*, 605 F. Supp. 2d 1118, 1131 (D. Nev. 2009) (internal quotation marks and citations omitted). In other words, defendant's affiliations with the forum state must be so "continuous and systematic" as to render it essentially "at home" in that forum. *See Daimler AG v. Bauman*, --- U.S. ----, 134 S. Ct. 746, 760 (2014).

Here, defendants are not "at home" in Nevada. Defendant Evans is a resident of South Carolina and the LLC is a South Carolina limited liability company with its principal place of business in South Carolina. (ECF No. 7 at 5). Therefore, there is no general jurisdiction over defendants in Nevada.

Specific jurisdiction arises where sufficient contacts with the forum state exist such that the assertion of personal jurisdiction "does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co.*, 326 U.S. at 316 (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). The Ninth Circuit has established a three-prong test for analyzing an assertion of specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). "The plaintiff bears the burden of satisfying the first two prongs of the test. If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Id.* (citations omitted).

**James C. Mahan**
**U.S. District Judge**

- 4 -

### *(1) Purposeful Availment & Purposeful Direction*

This first prong of the specific jurisdiction test refers to both purposeful direction and purposeful availment. *Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011). In trademark infringement cases involving allegations of tortious conduct, as here, the Ninth Circuit focuses on "purposeful direction," applying the "*Calder*-effects" test. *Id.* ("Because [plaintiff] has alleged copyright infringement, a tort-like cause of action, purposeful direction 'is the proper analytical framework.'" (quoting *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006))); *see also Calder v. Jones*, 465 U.S. 783, 788–89 (1984) (establishing an "effects doctrine" for intentional action aimed at the forum).

Under the "*Calder*-effects" test, "the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010) (quoting *Yahoo! Inc.*, 433 F.3d at 1206).

In other words, defendants must not only cause harm to a person who they know will feel a "judicially sufficient amount of harm" in the forum state, but the intentional activity must also be directed to the forum state itself. *See Yahoo! Inc.*, 433 F.3d at 1207. Activity is not "aimed at" a forum state merely because it is expected that its effects will be felt there, otherwise the third element of the *Calder*-effects test would swallow the second. *See Poor Boy Prods. v. Fogerty*, No. 3:14-CV-00633-RCJ, 2015 WL 5057221, at *3 (D. Nev. Aug. 26, 2015). Thus, the second and third elements are distinct and conjunctive.

Here, the parties do not dispute that the intentional act element is satisfied. The court agrees as it is well-established that the creation and operation of a website constitutes an intentional act in this context. *See, e.g.*, *Brayton Purcell LLP*, 606 F.3d at 1128.

Instead, defendants argue that plaintiff failed to show that they targeted Nevada through their advertising, sales, or website. (ECF No. 7 at 8). Specifically, defendants contend that their business is not located in Nevada or directed to any Nevada geographic area. (ECF No. 7 at 8).

James C. Mahan
U.S. District Judge

- 5 -

1    In response, plaintiff asserts that defendants targeted their conduct toward known residents of Nevada by advertising in the national marketplace and because defendants' website provided a link to purchase tickets for a speaking engagement in Las Vegas. (ECF No. 9 at 2, 5).

Courts have struggled with the question of whether tortious conduct on a nationally accessible website constitutes conduct that is expressly aimed at the forums in which the website can be viewed. *See, e.g.*, *Mavrix Photo, Inc.*, 647 F.3d at 1229; *Brayton Purcell LLP*, 606 F.3d at 1129–31; *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1156–58 (9th Cir. 2006); *Rio Props., Inc.*, 284 F.3d at 1019–21. While maintaining a passive website alone is insufficient, "operating even a passive website in conjunction with 'something more'—conduct directly targeting the forum—is sufficient." *Rio Props., Inc.*, 284 F.3d at 1020.

In determining whether a nonresident defendant has done "something more," courts considered several factors, such as: "the interactivity of defendant's website; the geographic scope of the defendant's commercial ambitions; and whether the defendant 'individually targeted' a plaintiff known to be a forum resident." *Mavrix Photo, Inc.*, 647 F.3d at 1229 (citations omitted).

Here, plaintiff has sufficiently alleged a prima facie case that defendants' conduct targeted the forum state. Plaintiff alleged that defendants, in addition to maintaining their website, sold tickets for a speaking engagement set to take place in Las Vegas, Nevada. (ECF No. 9 at 6). Moreover, plaintiff alleged that defendants' website solicited album sales from visitors within the forum state. Further, defendants provide that the LLC's "current average is one event in Las Vegas every 5 years." (ECF No. 10 at 5 n.8). Therefore, plaintiff has sufficiently alleged that defendants engaged in "something more" than the operation of a passive website. *See Rio Props., Inc.*, 284 F.3d at 1020.

As to the third element of the "*Calder*-effects" test, "[o]ur precedents recognize that in appropriate circumstances a corporation can suffer economic harm both where the bad acts occurred and where the corporation has its principal place of business." *Mavrix Photo, Inc.*, 647 F.3d at 1231 (quoting *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1113 (9th Cir. 2002)). "[J]urisdictionally sufficient harm may be suffered in multiple forums." *Id.* (quoting *Dole Food Co., Inc.*, 303 F.3d at 1113).

**James C. Mahan**
**U.S. District Judge**

- 6 -

1    Here, plaintiff has sufficiently alleged the third prong as its primary place of business is located in Nevada. (ECF No. 9 at 7). Plaintiff alleged that defendants infringed on its trademark. (ECF No. 1). The economic loss caused by the intentional infringement of a plaintiff's copyright is foreseeable. *See, e.g.*, *Mavrix Photo, Inc.*, 647 F.3d at 1231; *Brayton Purcell LLP*, 606 F.3d at 1129–31.

Accordingly, plaintiff has adequately set forth a prima facie case of purposeful direction by defendants. Nonetheless, plaintiff must make a prima facie case of relatedness to satisfy its burden and survive a motion to dismiss for lack of personal jurisdiction.

*(2) Relatedness*

The second prong of specific jurisdiction requires plaintiff to show that its claim arises out of defendants' Nevada-related activities. This prong is satisfied if plaintiff would not have been injured "but-for" defendants' conduct in Nevada. *See Rio Props., Inc.*, 284 F.3d at 1021.

In *Rio Properties, Inc.*, the Ninth Circuit found that but-for defendant's activities in Nevada—*i.e.*, maintaining and promoting a gambling website injuring plaintiff in its principal place of business and the capital of the gambling industry and specifically competing with plaintiff by targeting Nevada consumers in radio and print media—plaintiff's injury would not have occurred. 284 F.3d at 1021.

Here, plaintiff has not sufficiently alleged that but-for defendants' Nevada-related conduct it would not have been injured. (ECF Nos. 1, 9). Plaintiff does not allege that defendants advertised in radio or print media in Nevada. Nor does plaintiff assert that it would not have been harmed "but-for" defendants selling tickets on their website to the Las Vegas engagement and holding their engagement in Las Vegas. Further, plaintiff does not attempt to argue that Nevada is the capital of the motivational speaking industry. Therefore, plaintiff has not sufficiently alleged the second prong of the specific jurisdiction test.

In light of the foregoing, the court finds that plaintiff has failed to meet its burden of satisfying the second prong of the specific jurisdiction test. Thus, personal jurisdiction is not established in the forum state. *See Schwarzenegger*, 374 F.3d at 802. Accordingly, defendants' motion to dismiss for lack of jurisdiction will be granted.

James C. Mahan
U.S. District Judge

- 7 -

1  Further, because defendants' motion will be granted for lack of jurisdiction, the court finds
2  no need to address the improper venue argument.

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion to dismiss for lack of jurisdiction (ECF No. 7) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff's complaint (ECF No. 1) be, and the same hereby is, DISMISSED WITHOUT PREJUDICE.

DATED September 30, 2016.

_____
UNITED STATES DISTRICT JUDGE